NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10419 |
| Plaintiff-Appellee, | D.C. No. 5:15-cr-00375-EJD-3 |
| v. | |
| RAUL GUADALUPE MONJARDIN-IRIBE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted January 15, 2019[**]

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Raul Guadalupe Monjardin-Iribe appeals from the district court's judgment

and challenges the 175-month sentence imposed following his guilty-plea

conviction for conspiracy to possess with intent to distribute and to distribute

cocaine and methamphetamine, and distribution and possession with intent to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Monjardin-Iribe contends that the sentence is substantively unreasonable in light of his mitigating circumstances, including the short time he was involved in the conspiracy and his lack of criminal history. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the large quantity of drugs Monjardin-Iribe possessed, the substantial role he played in the offense, and his attempt to obstruct the investigation. *See Gall*, 552 U.S. at 51. Contrary to Monjardin-Iribe's contention, the court did not "mechanically" apply the Guidelines in fashioning his sentence, but rather engaged in the type of individualized assessment of the sentencing factors required under section 3553(a). *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc). Moreover, the court sufficiently addressed Monjardin-Iribe's sentencing disparity argument, did not rely on any clearly erroneous facts in imposing the sentence, and adequately explained the sentence. *See id.* at 992-93.

We decline to consider issues raised for the first time in Monjardin-Iribe's reply brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

**AFFIRMED.**

17-10419